IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| JULIE BUTLER, <br> 3920 Wards Chapel Road <br> Marriottsville, Maryland 21104, <br><br> Plaintiff, <br><br> v. <br><br> ALIGHT SOLUTIONS, LLC <br> 10 North Park Drive, Suite 400 <br> Hunt Valley, Maryland 21030 <br><br>    SERVE ON RESIDENT AGENT: <br>    CSC Lawyers Incorporating Service Co. <br>    7 St. Paul Street, Suite 820 <br>    Baltimore, Maryland 21202, <br><br>    Defendant. | * <br> * <br> * <br> *    Case No.: <br> * <br> *    **JURY TRIAL DEMANDED** <br> * <br> * <br> * <br> * <br> * <br> * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

INTRODUCTION

1. Plaintiff Julie Butler brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., for damages pursuant to 42 U.S.C. § 1981a, for violation of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq., and pursuant to Maryland Code, State Government § 20-606, to remedy acts of employment discrimination perpetuated against her by Defendant Alight Solutions, LLC, and states as follows:

JURISDICTION

2. This Court has jurisdiction over the subject matter of this civil action pursuant to

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12133, et seq.

## VENUE

3. Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) as Plaintiff was employed in the State of Maryland at the time of termination, and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district, in Baltimore County.

## PARTIES

4. Plaintiff, Julie Butler, a female, is a citizen of the United States and a resident of the State of Maryland.

5. At the time relevant to this suit, Plaintiff was employed by Defendant, a Illinois limited liability company with an office in Hunt Valley, Maryland.

## STATEMENT OF FACTS

6. Plaintiff worked for Defendant as a Defined Contribution Analyst, starting with Aon and then Defendant, from December 14, 2015 to June 28, 2018.

7. Plaintiff originally was working in the downtown Baltimore office of Aon, and in 2017 was moved to a Hunt Valley office when Alight purchased Aon. This move resulted in Plaintiff having a total morning and afternoon commute of two hours.

8. Alight permitted some of its employees to telecommute. The job positions are easily done from home. Plaintiff asked on numerous occasions that she also be permitted to commute, because she was pregnant and sitting in a car for two hours each day was adversely

affecting her physically.  Plaintiff provided to Defendant medical documentation of her need to work from home for a period of time.  However, Plaintiff's manager refused to permit Plaintiff to work from home like the other employees.  Thus, Defendant refused to provide to Plaintiff a reasonable accommodation pursuant to the Americans with Disabilities Act.

9. Defendant was aware that Plaintiff was in pain, because she cried at work.

10. Plaintiff also requested that she be permitted to sit closer to the women's bathroom, because of difficulties she was experiencing with the pregnancy, but that accommodation was not acted upon.

11. Plaintiff filed a harassment complaint against her supervisor with Defendant's human relations department, because the supervisor treated Plaintiff differently than other employees and harassed Plaintiff throughout the work day.  The harassment included monitoring her bathroom breaks, restricting her movement and areas she was allowed to be in the office, and having to report to her supervisor numerous times during the day.

12. During an unemployment benefits hearing, a representative of Defendant admitted that Defendant was dangling a possible future accommodation as a reward based on job performance.  That is, Defendant was making a later accommodation contingent on whether it believed Plaintiff's job performance to be sufficient.  Defendant was intentionally ignoring Plaintiff's doctor's statements that an accommodation was necessary, and intentionally ignoring the requirements of the ADA.

13. Because of her physical condition during pregnancy, exacerbated by the long commute, Plaintiff was unable to continue working during her pregnancy.  Because Defendant had rejected Plaintiff's reasonable request for accommodation, refusing to allow Plaintiff to telecommute, Plaintiff was out of work on unpaid short-term disability during her pregnancy

from December 22, 2017 to March 9, 2018.

14. On March 9, 2018, Plaintiff had her baby by caesarian section. After parental leave and surgery for hemorrhoidectomy in May 2018, Plaintiff was unable to return to work without the accommodation of working from home for a period of time while she continued to recover.

15. Plaintiff had to tell her employer that she could not return, absent working from home. Plaintiff's medical condition was made worse by long times sitting in a car.

16. Defendant refused to provide the simple accommodation to Plaintiff of working from home while she was recovering.

17. Plaintiff's supervisor's refusal to permit Plaintiff to work from home was not based on any legitimate reason, but was discriminatory and in retaliation for Plaintiff filing a harassment case against him with the company's human relations department.

18. Plaintiff was constructively discharged, for she could not work under these conditions.

## COUNT I
### Gender and Pregnancy Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq.

19. The foregoing paragraphs are realleged and incorporated by reference herein.

20. Defendant's conduct as alleged at length herein constitutes discrimination based on gender in violation of Title VII of the Civil Rights Act. Defendant, acting through its supervisor, treated Plaintiff differently than male employees and persons who were not pregnant, because others were allowed to work from home but that was specifically denied to Plaintiff.

21. Plaintiff has suffered loss of income, opportunities, and stress because of

Defendant's actions.

WHEREFORE, Plaintiff Julie Butler requests that the court award her One Hundred Thousand Dollars ($100,000.00) in compensatory damages, punitive damages, costs and reasonable attorney's fees incurred with this lawsuit with interest thereon, and other damages and further relief as deemed just.

## COUNT II
### Hostile and Abusive Working Environment

22. The foregoing paragraphs are realleged and incorporated by reference herein.

23. Defendant's conduct as alleged above constitutes hostile and abusive working environment in violation of Title VII.  Defendant, acting through its supervisor, discriminated against Plaintiff by refusing to allow her to work from home.  Defendant's action was intentional and with full knowledge that Defendant was causing Plaintiff to be in physical pain.

24. Plaintiff has suffered loss of income, opportunities, and stress because of Defendant's actions.

WHEREFORE, Plaintiff Julie Butler requests that the court award her Three Hundred Thousand Dollars ($300,000.00) in compensatory damages, punitive damages, costs and reasonable attorney's fees incurred with this lawsuit with interest thereon, and other damages and further relief as deemed just.

## COUNT III
### Violation of Americans With Disabilities Act

25. The foregoing paragraphs are realleged and incorporated by reference herein.

26. Defendant's conduct as alleged above constitutes a violation of the Americans With Disabilities Act, of 1990, 42 U.S.C. 12101, et seq.  Defendant refused the reasonable accommodation of allowing Plaintiff to work from home, which would have alleviated her

medical condition. Defendant's action was intentional and with full knowledge that Defendant was causing Plaintiff to be in physical pain.

27. Defendant failed to act upon a reasonable accommodation of sitting closer to the women's bathroom.

28. Defendant's decision to deny accommodations caused Defendant to have to be on unpaid leave, then caused Defendant to not be able to return to work.

29. Plaintiff has suffered loss of income, opportunities, and stress because of Defendant's actions.

WHEREFORE, Plaintiff Julie Butler requests that the court award her Three Hundred Thousand Dollars ($300,000.00) in compensatory damages, punitive damages, costs and reasonable attorney's fees incurred with this lawsuit with interest thereon, and other damages and further relief as deemed just.

**COUNT IV**
**Gender and Pregnancy Discrimination, Harrassment, and Failure to Accommodate in Violation of Md. Code, State Gov't § 20-606**

30. The foregoing paragraphs are realleged and incorporated by reference herein.

31. The Defendant's conduct as alleged at length herein constitutes discrimination based on gender and pregnancy in violation of Maryland Code, State Government § 20-606. Defendant, acting through its supervisor, discriminated against Plaintiff by treating her differently than employees who were not pregnant, refusing to allow her to work from home.

32. Plaintiff suffered harassment, and a failure to accommodate in violation of Maryland Code, State Government § 20-606.

33. Plaintiff has suffered loss of income, business opportunities, and stress, because of Defendant's actions.

WHEREFORE, Plaintiff Julie Butler requests that the court award her One Hundred Thousand Dollars ($100,000.00) in compensatory damages, punitive damages, costs and reasonable attorney's fees incurred with this lawsuit with interest thereon, and other damages and further relief as deemed just.

_____/s/_____
Donna M.B. King (Fed. Bar No. 13663)
Law Office of Donna M.B. King, LLC
309 West Pennsylvania Avenue
Towson, Maryland 21204
Phone:    (410) 494-1005
Facsimile: (410) 769-8333
dking@dking-law.com

Attorney for Plaintiff

## JURY DEMAND

Plaintiff requests trial by jury.

_____/s/_____
Donna M.B. King (Fed. Bar No. 13663)
Law Office of Donna M.B. King, LLC
309 West Pennsylvania Avenue
Towson, Maryland 21204
Phone:    (410) 494-1005
Facsimile: (410) 769-8333
dking@dking-law.com

Attorney for Plaintiff